605 S.E.2d 498 (2004)
In the Matter of S.L.L., Juvenile.
No. COA03-1439.
Court of Appeals of North Carolina.
December 7, 2004.
Haywood County Department of Social Services, by Ira L. Dove and Mary G. Holliday, Waynesville, for petitioner.
Ann H. Davis, Waynesville, for Guardian ad Litem.
Susan P. Hall, Newland, for respondent-appellant.
TIMMONS-GOODSON, Judge.
Scott Lee Lewis, Sr.,[1] ("respondent") appeals an order of the trial court adjudicating his minor child, Scott Lee Lewis, Jr., ("Scott") a neglected child. For the reason stated herein, we reverse the order of the trial court and remand the case for a new hearing.
On 2 January 2003, the Haywood County Department of Social Services ("D.S.S.") filed a petition with the trial court alleging that Scott was a neglected child. Upon the case being called for trial on 15 May 2003, the following exchange took place between the trial court and respondent regarding respondent's attorney ("Mr. Cook"):
THE COURT: Mr. [Lewis], before we broke for lunch, Mr. Cook informed me that you wanted to address the Court about Mr. Cook.
MR. [LEWIS]: Yes.
THE COURT: Okay. Go ahead. That's fine.
MR. [LEWIS]: Due to the lack of his ability to (inaudible) withdraw (inaudible).
THE COURT: Okay. You're asking that Mr. Cook not be your attorney. Is that right?

*499 MR. [LEWIS]: (Inaudible response)
THE COURT: Okay. You don't want him to represent you?
MR. [LEWIS]: No, sir.
THE COURT: Okay. All right. Mr. Cook, you're released.
....
MS. HOLLIDAY: Your Honor, should a waiver be signed or (inaudible)?
THE COURT: I don't think so. It's on the record. Okay....
MR. [LEWIS]: I want counsel.
THE COURT: I'm sorry.
MR. [LEWIS]: I want counsel. (Inaudible)
THE COURT: Okay. Well, this is the second attorney that you've let go, so we've appointed two attorneys to represent you. They've both been very competent. You've elected not to proceed with them. I can't continue the case ad infinitum until you find an attorney you're pleased with, so you're just going to have to represent yourself. Okay? ...
MR. [LEWIS]: I'd like to object to it.
THE COURT: I'm sorry.
MR. [LEWIS]: I'd like to object to that.
THE COURT: Okay. I'll note your objection for the record. All right [sic].
Upon consideration of the evidence, the trial court adjudicated Scott neglected. Respondent appeals.
The dispositive issue on appeal is whether the trial court erred by failing to obtain a written waiver of counsel from respondent.
The General Statutes of North Carolina provide that "[i]n cases where the juvenile petition alleges that a juvenile is abused, neglected, or dependent, the parent has the right to counsel and to appointed counsel in cases of indigency unless that person waives the right." N.C. Gen.Stat. § 7B-602(a) (2003). Our courts have yet to address the scope of an indigent parent's right to counsel in an abuse, neglect or dependency hearing. Because criminal matters are the only other legal matters wherein the accused has a right to counsel, we look to our criminal caselaw for guidance.
Generally, in the absence of some substantial reason for the appointment of replacement counsel, an indigent must accept counsel appointed by the court unless he wishes to waive counsel and represent himself. State v. Robinson, 330 N.C. 1, 12, 409 S.E.2d 288, 294 (1991) (citing State v. Hutchins, 303 N.C. 321, 279 S.E.2d 788 (1981)). Mere dissatisfaction with one's counsel is not a substantial reason for the appointment of replacement counsel. Nevertheless, "[s]tatements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." Hutchins, 303 N.C. at 339, 279 S.E.2d at 800 (citations omitted). Once a court allows an indigent's motion to withdraw his or her counsel, "[g]iven the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention." Id. Our Supreme Court in State v. Thacker further instructed on the issue of waiver of right to counsel as follows:
Services of counsel cannot be forced upon an unwilling defendant. However, the waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will.
301 N.C. 348, 354, 271 S.E.2d 252, 256 (1980) (quotations and citations omitted).
In the present case, respondent's request that Mr. Cook be removed as counsel did not amount to an expression of a waiver of court-appointed counsel, or an intention to represent himself. Our review of the transcript indicates that at no point did respondent expressly and voluntarily waive his right to counsel. On the contrary, respondent repeatedly requested new counsel. Although the trial court was not required to grant respondent's request to release counsel absent *500 a substantial reason, once the court decided to release Mr. Cook it had an obligation to either obtain a knowing waiver of counsel from respondent or appoint substitute counsel. We conclude that the trial court erred by equating respondent's request for new counsel with a waiver of court-appointed counsel, and requiring respondent to proceed to trial pro se. For these reasons, we reverse the order of the trial court, and remand the case for a new hearing.
REVERSED and REMANDED.
Chief Judge MARTIN and Judge HUDSON concur.
NOTES
[1] To protect the identities of the parties in this case, this Court will refer to the respondent father by the pseudonym "Scott Lee Lewis, Sr.," and to his son by the pseudonym "Scott Lee Lewis, Jr."